**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
Case No. _____- Civ (Judge _____)

KEY EQUIPMENT FINANCE,
      Plaintiff,

v.

SCHOOL DISTRICT SERVICES, INC.
and LILLY LUCKEY,

      Defendants.

## COMPLAINT

Plaintiff Key Equipment Finance, for its Complaint against School District Services, Inc. and Lilly Luckey (collectively "Defendants"), alleges and states as follows:

## PARTIES

1. Key Equipment Finance, ("KEF" or "Plaintiff") is a company organized and existing pursuant to the laws of the State of Colorado, having its principal place of business in Superior, Colorado.

2. School District Services, Inc. ("SDS") is a company organized and existing pursuant to the laws of the State of Florida, having its principal place of business in Tallahassee, FL.

3. Lilly Luckey ("Luckey") is an individual who is domiciled in and a citizen of the State of Florida, residing specifically at 8875 NW 145th Ave. Morriston, FL 32668.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is diversity in citizenship and there is an amount in controversy that exceeds $75,000.

5. This judicial district is proper venue for this proceeding pursuant to 28 U.S.C. §1391(b)(2), as one of the Defendants resides, lives or does business in the Middle District of Florida.

## STATEMENT OF FACTS

6. On or about February 6, 2018, SDS executed and delivered to KEF a Loan and Security Agreement wherein KEF agreed to finance the purchase of certain equipment if SDS, promised to pay the balance of $542,091.00 plus fees, applicable tax, and interest thereon ("Indebtedness") pursuant to the Payment Schedule. A true and correct copy of the Loan and Security Agreement is attached hereto as **Exhibit A**, and incorporated herein by reference.

7. Pursuant to the Loan and Security Agreement and Payment Schedule (collectively "Agreement"), SDS agreed to pay to KEF the Loan Amount in eighty-three (83) installments of $6,862.52 and one (1) payment of $115,280.52. A true and correct copy of the Payment Schedule executed and delivered on February 6, 2018 is attached hereto as **Exhibit B**, and incorporated herein by reference.

8. On or about February 6, 2018, Luckey induced KEF to advance the Indebtedness to SDS by executing and delivering her Continuing Guaranty ("Guaranty") to KEF. A true and correct copy of the Guaranty is attached hereto as **Exhibit C**, and incorporated herein by reference.

9. Pursuant to the Guaranty, Luckey

"absolutely and unconditionally guarantee[d] to KEF . . . the full and prompt performance of all [SDS's], obligations, including payment to KEF of the Indebtedness . . . together with all interest and all costs and expenses of collection, including reasonable attorney's fees, incurred by KEF in connection with the Indebtedness and/or in any action hereunder against [Luckey] or [SDS]."

*See* **Exhibit B**.

10.    To likewise secure the performance on the Agreement, SDS granted to KEF a first-priority security interest in the equipment described as follows: 2018 MCI J4500; Serial Number 2MG3JM8A9JW068634 ("Collateral"). *See* **Exhibit A** ¶3.

11.    Pursuant to paragraph 13 of the Agreement, SDS would be in default of the Agreement if SDS or any guarantor fails to pay any amount within ten days of the due date ("Default"). *See* **Exhibit A** ¶13.

12.    Pursuant to paragraph 14 of the Agreement,

> "[u]pon the occurrence of any Default, [KEF] has the right to be made whole by exercising any or all of the following: (a) without notice, accelerate all payments under the Agreement . . . (c) take possession of Collateral, without court order or bond, by entering upon any premises where Collateral may be located to remove the same and [SDS] shall be liable for all reasonable costs and expenses incurred in the repossession, storage, repair, safe, lease, and other disposition of Collateral, and/or (d) exercise any other remedy at law or equity, notice thereof being expressly waived by [SDS]."

*See* **Exhibit A** ¶14.

13.    On or about September 22, 2019, SDS defaulted under the terms of the Agreement by failing to make payment. Consequently, KEF repossessed the Collateral, and accelerated the Indebtedness so that the entire amount was now due.

14.    On or about May 5, 2020, KEF, through counsel, demanded payment of the Indebtedness from SDS and Luckey (hereinafter "Defendants"). A true and correct copy of the Demand Letter is attached as **Exhibit D**, and incorporated herein by reference.

15.    More than ten (10) days have passed since the demand was made and KEF has not received payment on the Indebtedness from Defendants.

16.    As of May 5, 2020, SDS and Luckey owed KEF the following amount:

(a)    Principal balance: $521,884.85

(b)    Expenses: $2,595.00

(c)    Discount: ($11,323.16)

3

(d)     Proceeds from Sale of Collateral: ($298,574.75)

**Outstanding Balance Due: $214,581.94**

17.     As a result of Defendants' Default, KEF has suffered damages in the amount of $214,581.94, and continues to suffer damages plus costs and reasonable attorneys' fees.

### FIRST CAUSE OF ACTION
(Breach of Contract)
As Against Defendant School District Services, Inc.

18.     KEF hereby incorporates each every allegation contained in Paragraphs 1 through 17 as if each was fully set forth at length herein.

19.     SDS has breached the terms of Loan and Security Agreement and Payment Schedule by failing to make payments when due thereunder, and is therefore in default for failure to pay.

20.     KEF has performed all obligations owed to SDS, except those obligations KEF was prevented or excused from performing as a result of SDS's defaults and breaches.

21.     As direct result of SDS's defaults and breaches, KEF has been made to suffer pecuniary damages. As of May 5, 2020, KEF has suffered damages in the amount of $214,581.94, plus accruing interest, attorneys' costs and fees.

### SECOND CAUSE OF ACTION
(Breach of Contract)
As Against Defendant Lilly Luckey

22.     KEF hereby incorporates each and every allegation contained in Paragraphs 1 through 21 as if each was fully set forth at length herein.

23.     As a result of SDS's breach of its payment obligation pursuant to the Loan and Security Agreement and Payment Schedule, KEF has made demand upon Luckey for payment of all amounts due and owing under her Guaranty, and Luckey has refused to fulfill her obligations and responsibilities under the Guaranty.

24. Accordingly, Luckey has breached her obligation under the Guaranty and in doing so, has caused KEF to suffer pecuniary damages.

25. By executing the Guaranty, Luckey expressly agreed to, and is so obligated, to pay KEF's reasonable attorneys' fees and the costs of any action instituted to collect upon the default of SDS.

26. As a direct result of Luckey's default on the Guaranty, and pursuant to the terms of the Loan and Security Agreement and Payment Schedule, as of May 5, 2020 here is due and owing from Luckey the amount of $214,581.94, plus accruing interest, attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Key Equipment Finance, respectfully requests that this Court enter judgment against Defendants School District Services, Inc. and Lilly Luckey, jointly and severally, as follows:

1. For damages in the minimum amount of $214,581.94, plus accruing interest including post-judgment interest at the legal rate of interest;

2. For attorneys' fees and costs of suit according to proof as provided for by written agreement; and

3. For such other relief as this Court finds equitable and just.

Date:  July 15, 2020

**WONG FLEMING, P.C.**
*Attorneys for Plaintiff KeyBank National Association*

By: */s/ Alexis Turner Garris*
Alexis N. Turner Garris, Esq.
FL Bar No.: 1011753
821 Alexander Road, Suite 200
Princeton, NJ 08543
Tel:  (609) 951-9520
Fax: (609) 951-0270
Email: aturnergarris@wongfleming.com
Secondary Email: dstokes@wongfleming.com

5