UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**KEY EQUIPMENT FINANCE,**

    **Plaintiff,**

v.                                                    Case No: 5:20-cv-324-JSM-PRL

**SCHOOL DISTRICT SERVICES, INC.
and LILLY LUCKEY,**

    **Defendants.**

_____

## ORDER

This matter is before the Court on the motion of Plaintiff Key Equipment Finance ("Judgment Creditor") for issuance of a writ of garnishment as to Suntrust Bank, Inc. ("Garnishee"). (Doc. 25).

Previously, this Court entered a Judgment in favor of Plaintiff and against Defendant Lilly Luckey in the amount of $215,111.94. (Doc. 20). Judgment Creditor states that the judgment remains unsatisfied. Now, Judgment Creditor moves for a writ of garnishment and suggests that Garnishee may be indebted to, or have tangible or intangible personal property of the Judgment Debtor in its hands, possession, or control.

Pursuant to Fed. R. Civ. P. 69, the Court must follow state law regarding garnishment procedures. *See* Fed. R. Civ. P. 69. Chapter 77 of the Florida Statutes prescribes the procedure for issuance and enforcement of writs of garnishment.

Accordingly, upon due consideration, Judgment Creditor's motion for issuance of writ of garnishment (Doc. 25) is **GRANTED**, and the Clerk is directed to issue the Writ of Garnishment (including the Notice and Claim of Exemption) attached to the motion. (Doc.

- 2 -

25-3). Judgment Creditor must fully comply with all notice requirements of § 77.041, Florida Statutes.

**DONE** and **ORDERED** in Ocala, Florida on October 13, 2021.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties